IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HULBERT COWGILL,
Beneficiary John Hulbert Cowgill,
on behalf of the Private Foreign Trust,

    Plaintiff,

v.                                                                                                         CIV 17-0242 JB/KBM

PATRICK J. BURKE, President and Chief
Executive Officer for HSBC BANK USA,
N.A. as Trustee for Wells Fargo Asset
Securities Corporation, Mortgage Pass-
Through Certificates, Series 2007-7,

    Defendant.

## **ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (*Doc. 5*), filed March 3, 2017, and the Honorable James O. Browning's Order of Reference (*Doc. 12*), filed June 23, 2017.[1] In his Motion, Defendant contends that he has not yet been properly served with Plaintiff's Complaint. *Docs. 5* at 4; *10* at 2. Plaintiff responds that he indeed served Defendant on December 2, 2016, "by leaving it with the agent authorized to accept the service of summons for the principal." *Doc. 8* at 2. Defendant counters that Plaintiff's service fits within the requirements for service on a corporation, but not on an individual. *Doc. 10* at 2 (citing Rule 1-004 NMRA).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that [(i)] jurisdiction is legitimate under the laws of the forum state

---

[1] In the Order of Reference, Judge Browning directed me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *Doc. 12*.

and that [(ii)] the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations omitted). "A judgment entered absent sufficient service of process upon a defendant violates due process and is void as to the defendant for want of personal jurisdiction." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, 388 P.3d 240, 248, *reh'g denied* (Nov. 9, 2016), *cert. denied sub nom. T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: £Benson-Montin-Greer Drilling Corp.*, 137 S. Ct. 1584 (2017).

Under New Mexico Rule 1-004(I)(2): "[s]ervice upon a . . . trustee or other fiduciary [shall be made] in the same manner and priority for service as provided in Paragraphs F, G or J of this rule as may be appropriate." Rule 1-004(I)(2) NMRA. As noted in the caption, Plaintiff here is suing "PATRICK J. BURKE, President and Chief Executive Officer for HSBC BANK USA, N.A. **as Trustee** for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7." *See Doc. 1-1* at 4 (emphasis added). In other words, Plaintiff is suing Defendant as an individual. Therefore, Rule 1-004(F) NMRA applies. As Judge Johnson has summarized:

> [the] New Mexico rules lay out a hierarchy of methods for service of process on an individual. First, NMRA, Rule 1-004(F)(1) requires service to be attempted on the individual personally. Next, Rule 1-004(F)(2) requires service to be attempted on "some person residing at the usual place of abode of the defendant" and sent by first class mail to "the defendant's last known mailing address." Only then may Rule 1-004(F)(3) be invoked, which permits a copy of the process to be delivered and mailed to the defendant's "actual place of business or employment."

*Moreno v. Taos Cty. Bd. of Comm'rs*, 778 F. Supp. 2d 1139, 1142-43 (D.N.M. 2011). This requirement is not necessarily onerous, as under Rule 1-004(F)(1)(b) personal service of process may be accomplished "by mail or commercial courier service as

2

provided in Subparagraph (3) of Paragraph E of this rule." Rule 1-004(F)(1)(b) NMRA.[2] However, until Plaintiff has properly served Defendant, this Court is without jurisdiction to adjudicate his claims. *See Flippen v. Las Cruces Sun-News, Inc.*, CIV 07-1267 JAP/CG, 2008 WL 11334438, at *2 (D.N.M. June 4, 2008); *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1226 (D.N.M. 2012) ("A New Mexico court has no power to bind a party to a judgment when that party has not been properly served with process.").

Where service of process in state court is defective or incomplete, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) give the plaintiff a deadline from the date defendant removes the case to federal court in which the imperfect or defective service may be cured. *Baumeister v. N.M. Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1352 (D.N.M. 2006); *see also Green v. Bank of Am., N.A.*, CIV 13-0937 JAP/KBM, 2013 WL 11336861, at *2 (D.N.M. Nov. 8, 2013); Fed. R. Civ. P. 4(m); 28 U.S.C. § 1448. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

---

[2] Pursuant to that provision:

> [s]ervice may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule 'signs' includes the electronic representation of a signature.

Rule 1-004(E)(3) NMRA.

This action was removed to this Court on February 17, 2017. *Doc. 1*. Therefore, Plaintiff had until May 18, 2017, to properly serve Defendant. As he failed to do so, this case is subject to dismissal without prejudice.

Wherefore,

**IT IS HEREBY ORDERED** that, in order to avoid dismissal of this action, Plaintiff must either properly effect service of the Complaint on Defendant, or provide the Court with a written explanation showing good cause why service has not been made, on or before **Friday, July 14, 2017.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE